No. 2970.

## Charles Demint v. The State.

Theft—Intent—Fact Case.—See the statement of the case for evidence *held* insufficient to support a conviction for theft, because it fails to establish the essential fraudulent intent.

Appeal from the County Court of Rains. Tried below before the Hon. W. M. Lamb, County Judge.

The conviction in this case was for the theft of thirteen hundred rails, the property of M. C. Young, and of the value of thirteen dollars. The penalty assessed by the verdict was a fine of ten dollars.

M. C. Young was the first witness for the State. He testified that he lived in Rains county, Texas, on a small tract of land that he bought from one John Rains in July, 1887. There were certain rails on the said land when the witness bought it, which rails, being the only "sawed" ones in the country, were easily distinguished from all other rails. About thirteen hundred of the said rails disappeared from the said land some time between the tenth and twentieth days of August, 1887. On or about the last mentioned date the witness sent Bud Lawrence to that part of the land where the rails were kept to sow turnips. On his return to witness's house Lawrence reported the disappearance of the rails. Witness then looked for and found the said rails on the defendant's land, seventy-five or a hundred yards distant from the place they were taken. He went to see the defendant about the rails on the next day. Defendant did not

deny that he took them, but claimed that he had the consent and authority of John Rains to do so. The witness had paid nothing on the land at the time of the alleged theft, nor did he make any payment thereon until the following October. He had no title papers to the land at the time of the theft, and held it merely under a contract of purchase. A short time before he sold it to witness Rains bought the land from one Martin, but had never paid for it, nor received a deed from Martin, and it was agreed by all parties that Martin was to execute the deed direct to the witness. Witness did not know who made the rails. They were worth from a dollar to a dollar and a half per hundred. Nothing was said about the rails when the witness purchased the land from Rains, since which time he considered himself to be in possession of the land and everything on it. Witness got his deed to the land from Martin when he made the payment in October. The said rails were taken from the land without the consent of the witness.

F. M. Lawrence testified, for the State, in substance, that about half of the rails described in the information were made by him and the defendant, some time prior to the alleged theft. Witness was living with Doctor Young in August, 1887, and some time in that month, prior to the twentieth day thereof, he saw the said rails on the land recently purchased by Doctor Young from John Rains. He went to that land on or about the twentieth day of said month to sow turnips for Doctor Young, and discovered that the said rails had been removed by somebody from Doctor Young's land to the land of the defendant, about one hundred yards distant. Those rails previously enclosed a patch of land which was used by defendant as a garden. Witness saw defendant on the said August 20, when defendant denied that he took the rails, and ordered the witness to get off of his land. The witness knew that the defendant put the rails up around the garden patch. Defendant then claimed that Horace Martin, who then owned the land, had no objection to his clearing the land, so that he would not remove the timber. He knew no more about the defendant removing the rails than that he claimed he had authority from John Rains to do so.

The State closed.

John Rains testified, for the defense, that he bought the land from which the rails were taken, and, a short time before the alleged theft, sold the said land to Doctor Young. The rails were

on the land when the witness bought and when he sold it. Nothing was said about the rails at the time of either transaction. The witness knew that the rails were made by the defendant, and it was his intention, had he not sold the land, t let the defendant take and keep them. In August, 1887, the witness told the defendant that he had sold the land to Doctor Young. He did not know whether or not, when he so told the defendant, the said rails had been removed. The witness knew that, while he owned the land, the defendant was occupying and cultivating a small garden patch on the same. He did not tell the defendant that he could take the rails.

No brief for the appellants.

*W. L. Davidson*, Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. This appeal is from a conviction for the theft of thirteen hundred rails, the fine imposed being ten dollars. In our opinion the evidence is not sufficient to establish a fraudulent intent upon the part of defendant in taking the rails, and unless such intent is clearly established he could not legally be convicted of theft.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*